UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

                v.

WILBERT HAYES,

                Defendant.

**DECISION AND ORDER**
15-CR-29-A

───────────────────────────────

      The Defendant, Wilbert Hayes, is charged in a one-Count Indictment with violating 18 U.S.C. § 922(g) by possessing a firearm after having been convicted of a felony. The case was referred to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1) for pretrial proceedings.

      Defendant Hayes filed a motion to suppress a firearm and other evidence seized during execution of a search warrant alleging that his Fourth Amendment rights were violated. Dkt. No. 21. Magistrate Judge Scott held a suppression hearing on February 25, 2016, and the motion to suppress was deemed submitted after post-hearing briefing. The Magistrate Judge filed a Report and Recommendation on June 13, 2016 (Dkt. No. 43), recommending that the Defendant's motion to suppress evidence be denied.

      Defendant Hayes objects to the Report and Recommendation on the ground that the firearm was seized by law enforcement officers in violation of the particularity requirement of the Fourth Amendment because the search warrant authorized a search for marijuana and marijuana-trafficking paraphernalia, but not

for firearms.  The Defendant argues that seizure of the firearm was not within the plain view exception to Fourth Amendment warrant requirement because the United States failed to establish during the suppression hearing that the law enforcement officers who seized the firearm had probable cause to believe the firearm was in any way evidence of a crime or contraband.[1]

Review of the Report and Recommendation is by *de novo* and clear error review pursuant to 28 U.S.C. §636(b)(1).  The Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  *Id.;* Fed. R. Crim. P. 59(b)(3).

Upon review of the entire record, and after hearing oral argument on August 19, 2016, the motion to suppress evidence filed by Defendant Hayes (Dkt. No. 21) is denied.  It is undisputed that the firearm was found during lawful execution of a search warrant.  In *United States v. Gamble*, 388 F.3d 74 (2d Cir. 2004), the Court of Appeals held that ammunition found in a dresser drawer during execution of search warrant that authorized searching an apartment for evidence of cocaine trafficking was properly seized within the plain view exception to the warrant requirement where "the officers had probable cause to believe the ammunition was connected with criminal activity because ammunition is a recognized tool of the drug-dealing trade."  *Gamble*, 388 F.3d at 77.  The reasoning in *Gamble* disposes of the Defendant's objection in this case.  The firearm was seized from plain view near

---

[1] Defendant Hayes filed a post-argument memorandum on August 21, 2016.  Dkt. No. 51.

evidence of marijuana-trafficking. Upon probable cause to believe the firearm was evidence of the marijuana trafficking that supported issuance of the search warrant, the firearm need not have been described with particularity in the search warrant to have been lawfully seized. *Id.*

The Report and Recommendation is adopted for the reasons stated by Magistrate Judge Scott, with two specific exceptions: First, the Court finds the record lacks evidence supporting a finding that law enforcement officers conducted a criminal record check on Defendant Hayes before seizing the firearm. *See* Dkt. No. 43, p. 2. It seems to the Court likely from all the circumstances in the record that the law enforcement officers executing the search warrant were aware of the Defendant's prior felony record, but the United States neglected to offer evidence to that effect.[2] The Court therefore assumes the law enforcement officers were unaware of the Defendant's prior felony record, and must conclude the officers lacked probable cause to believe the firearm could be seized on the ground that it was illegally possessed by a prior felon. Because the Court finds there was probable cause to seize the firearm from plain view as a tool of the trade of marijuana trafficking, the error is harmless.

Second, a statement in the Report and Recommendation to the effect that Defendant Hayes may bear a burden of proof to establish an affirmative defense that he does not own the firearm he is charged in the Indictment with possessing in

---

[2] An affidavit in support of the underlying Criminal Complaint does not support that finding, either. Dkt. No. 1.

violation of 18 U.S.C. § 922(g) is not adopted. Dkt. No. 43, p. 13. Defendant Hayes has no burden of proof at trial, and, if he chooses to do so, he may freely introduce any admissible evidence to try to raise doubt that he possessed the firearm as charged in the Indictment without taking on any burden to prove an affirmative defense.

## CONCLUSION

For the reasons stated above, the motion to suppress evidence filed by the Defendant, Wilbert Hayes (Dkt. No. 21), is denied. The parties shall appear to set a date for trial on August 24, 2016 at 1:00 p.m.

**IT IS SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   August 23, 2016