UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                                        **DECISION AND ORDER**
                                                    15-CR-29-A

WILBERT HAYES,

                Defendant.

      The Defendant, Wilbert Hayes, is charged in a one-Count Indictment with violating 18 U.S.C. § 922(g) by possessing a firearm after having been convicted of a felony offense. He is charged with possessing a J.C. Higgins bolt action shotgun bearing no serial number on August 15, 2014, in spite of three prior felony convictions. Dkt. No. 6. Jury selection and trial are scheduled for May 2, 2017.

      The United States moved on April 6, 2017, for authorization to obtain from Defendant Hayes buccal swabs for DNA analysis and comparison to DNA profiles obtained from the firearm the Defendant is charged with possessing. The Defendant opposed the motion and cross-moved to dismiss the Indictment, and for other relief, based upon the United States' unexplained failure timely to marshal and disclose DNA evidence it may seek to introduce against the Defendant at trial.

      On April 19, 2017, the Court entered a Text Order granting the motion upon finding reasonable individualized suspicion sufficient under the Fourth Amendment to authorize the United States to take buccal swabs from the Defendant. Dkt. No. 68. This Decision and Order further states the Court's reasons for granting the

motion, and for granting the motion without prejudice to Defendant moving *in limine* to preclude expert testimony based upon the DNA comparison from the United States' case in chief, and its rebuttal case, or to seek alternative relief, on the ground that the United States failed timely to disclose that it might seek to introduce DNA evidence.

## BACKGROUND

The United States filed its motion for authorization to obtain buccal swabs[1] from Defendant Hayes for DNA analysis and comparison to a mixed DNA profile obtained from a swab from the firearm the Defendant is charged with possessing on April 6, 2017. Dkt. No. 63. The motion was filed more than three years and four months after the firearm was seized by local law enforcement officers on August 15, 2014. Dkt. Nos. 43, 52. It was filed more than 26 months after the federal felon-in-possession charge was brought against the Defendant. Dkt. No. 1. It was filed more than 19 months after the United States formally represented pursuant to Fed. R. Crim. P. 12(b)(4)(B) that it had disclosed to the Defendant all the scientific tests and expert testimony it intended to use at trial, and disclosed no DNA analysis or DNA expert testimony. Dkt. No. 22, pp. 7-8. The motion was filed nearly a month after the trial date was set during a court appearance on March 9, 2017, but less than a month before jury selection and trial will begin on May 2, 2017. *See* March 9,

---

[1] The term "buccal swab" refers to part of a forensic DNA collection procedure during which the inside of a person's cheek is wiped with a cotton swab or a piece of filter paper to obtain a sample of biological material for laboratory analysis.

2017 minute entry.

The firearm Defendant Hayes is charged with possessing was analyzed by a municipal forensic laboratory, and a copy of a "DNA Analysis Report" was provided to the Defendant's trial counsel when a reply memorandum in support of the United States' instant motion for buccal swabs was filed on April 17, 2017. Dkt. No. 67-1. The report is unclearly worded, but it indicates that a mixture of four persons' DNA are in a DNA profile extracted from a swab from the firearm the Defendant is charged with possessing, and that one of those persons is, like the Defendant, male. *Id.* The forensic laboratory represents that a "known sample" is now necessary to permit comparison to assess whether the Defendant's DNA profile is among those on the firearm. Dkt. No. 64, p. 2. The Defendant is in pretrial detention.

## DISCUSSION

Obtaining buccal swabs is a minimally-intrusive process, and if the United States establishes reasonable individualized suspicion that the procedure will lead to admissible DNA evidence in a criminal case, the Court will ordinarily authorize it. *See e.g.*, *United States v. Owens*, No. 06-CR-72A, 2006 WL 3725547 (W.D.N.Y. Dec. 15, 2006). In this case, the Grand Jury has found probable cause to believe that Defendant Hayes actually or constructively possessed a shotgun when the Grand Jury returned the Indictment charging the August 15, 2014 violation of 18 U.S.C. § 922(g). The Defendant denies he either actually or constructively

possessed the shotgun, which was recovered from a closet in an apartment at 1318 Walnut Avenue, Apt. 2, Upper, Niagara Falls, New York, where the Defendant was a frequent overnight occupant. But a cooperating witness told law enforcement the Defendant owned "a sawed-off 30-06" rifle. And the cooperating witness allegedly made controlled purchases of marijuana from the Defendant in the apartment where the firearm was seized. The record before the Court gives rise to reasonable suspicion that the Defendant was selling marijuana in the apartment where the firearm was seized, and that he possessed the firearm. The Court therefore found reasonable suspicion sufficient under the Fourth Amendment to authorize the United States to take buccal swabs from the Defendant to use to obtain a DNA profile that can be compared to profiles extracted from a swab of the firearm.

Defendant Hayes opposed the United States' motion primarily based upon the untimeliness of the United States' motion, while stressing that he has already given four buccal swabs while being booked or moved to various pretrial detention facilities during the years this case has been pending, and that he had earlier sought repeatedly to negotiate to arrange to have his DNA tested for comparison to any DNA on the firearm he is charged with possessing, only to be rebuffed by the United States. He disputes that the probable cause finding of the Grand Jury that he possessed or constructively possessed the firearm has any probative value. He argued the United States' failure to seek DNA evidence from him until the eve of trial renders what would otherwise be reasonable and permissible under the Fourth Amendment unreasonable and impermissible.

In response, the United States argued that taking buccal swabs is only a minor intrusion upon Defendant Hayes' Fourth Amendment rights. It relied upon *Maryland v. King*, 133 S.Ct. 1958 (2013), among other authorities. The United States disregards that the search it seeks authorization for in this case is years removed from Defendant's arrest and is unrelated to booking procedures. The Court does not agree with the United States that the Fourth Amendment standard approved in *King* for statutorily-mandated DNA collection incident to "reasonable booking procedures" in temporal proximity to every arrest for a serious crime applies in the present circumstances years after the Defendant was arrested and processed incident to his arrest. *But see United States v. Eldridge*, No. 09-CR-329-A, 2013 WL2635207 (Jun. 12, 2013). The Court concluded that reasonable individualized suspicion is the Fourth Amendment standard applicable in this case.

Defendant Hayes raised serious questions whether the United States should be permitted to change the evidence so near the beginning of his trial. Accordingly, the Court's ruling was made without prejudice to Defendant moving *in limine* to preclude expert testimony based upon the DNA comparison from the United States' case in chief, and its rebuttal case, or to seek alternative relief, on the ground that the United States failed timely to disclose pursuant to Fed. R. Crim. P. 12(b)(4)(B) that it would seek to introduce DNA evidence. Dkt. No. 68. The Court expresses no opinion on the outcome of any such motion *in limine* or related request for relief on behalf of the Defendant.

**CONCLUSION**

For the reasons stated above, the motion of the United States for authorization to obtain from Defendant Hayes buccal swabs for DNA analysis and comparison to DNA profiles obtained from the firearm the Defendant is charged with possessing was granted in a Text Order on April 19, 2017. Dkt. No. 68. The Court considered the Defendant's cross-motion to dismiss the Indictment and denies it. The Defendant may move *in limine* to preclude expert testimony based upon a DNA comparison from the United States' case in chief, and its rebuttal case, or seek alternative relief, on the ground that the United States failed timely to disclose pursuant to Fed. R. Crim. P. 12(b)(4)(B) that it would seek to introduce DNA evidence.

**IT IS SO ORDERED.**

                                        *Richard J. Arcara*
                                  HONORABLE RICHARD J. ARCARA
                                  UNITED STATES DISTRICT COURT

Dated: April 24, 2017